IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RAY HEREDIA, PRO SE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:13-CV-0101 |
| § | |
| JEFF LNU, Foster's boss, § | |
| COURTNEY FOSTER, MELANIE LNU, § | |
| CHRISTINA LNU, ALFRED LNU, § | |
| THOMAS LNU, § | |
| UNKNOWN BLACK SECURITY, § | |
| UNKNOWN SHORT § | |
|    CAUCASIAN FEMALE, § | |
| BRYAN LNU, NFN SANDOVAL, § | |
|    Hispanic Security, § | |
| CHAIN OF COMMAND, STEVE TAYLOR, § | |
| and § | |
| UNKNOWN LEGAL AID LAWYER, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff RAY HEREDIA, acting pro se, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his Civil Cover Sheet, plaintiff states he is bringing a Civil Rights suit under the First, Fifth, Eighth and Fourteenth Amendments of the United States and Texas Constitutions. Also on his Civil Cover Sheet, plaintiff briefly describes his cause as "I cannot get a grievance around here, or grievances answered, retaliation, anguish."

Review of plaintiff's written Complaint shows plaintiff appears to be suing various employees and volunteers at the United Way charity because he has been restricted from entering

the facility due to a fight he was involved in on February 26, 2012. Plaintiff says he has been yelled at and that other people have not been restricted for fighting. Plaintiff complains he has suffered retaliation for having submitted grievances and that the employees, security personnel, and volunteers do not enforce the rules. He also states he has noticed "the Hispanics get very little help from the United Way employees." Plaintiff complains "[t]he chain of command has done a poor job teaching their employees." Plaintiff also complains an unknown lawyer at Legal Aid refused to help him sue 'Melanie at United Way" because she was a friend and the lawyer's supervisor did not read his e-mail of complaint to the supervisor.

The only request for relief is a demand for $200,000.00 shown on plaintiff's Civil Cover Sheet.

## JUDICIAL REVIEW

Title 28, United States Code, section 1915(e)(2) provides:

> [T]he court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. 1915(e)(2).

2

Thus, the very statute allowing plaintiff to proceed as a pauper also requires the Court to screen a pauper's complaint and dismiss it without service of process at any time the Court makes a determination of frivolousness, etc.

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by the defendant.

## THE LAW AND ANALYSIS

When a deprivation of rights secured by the Constitution and laws of the United States takes place under color of state law, a remedy is provided by section 1983. *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 924, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Section 1983 was enacted to enforce the provisions of the Fourteenth Amendment of the Constitution, which provides in part that "[n]o State make or enforce any law which shall abridge the privileges or immunities of citizens of the United States...." *Id.* at 934. Because the Fourteenth Amendment is directed at states it can be violated only by conduct that may be fairly characterized as "state action." *Id.* at 937.

To state a claim under section 1983, the plaintiff must allege: (1) a violation of a right secured by the Constitution and laws of the United States; and (2) that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Adickes v. Kress,* 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

Private conduct, no matter how discriminatory or wrongful, is not actionable under section 1983. *American Mfgs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).

Plaintiff's allegations of being yelled at and retaliated against for writing grievances against United Way employees and volunteers do not constitute a claim that any Constitutional right has been violated.

As to plaintiff's mention that "[he] notice[s] that Hispanics get very little help from the United Way employees," plaintiff has not identified a defendant responsible. This allegation is also conclusory at best and is not sufficient to state a claim on which relief can be granted. To state a claim upon which relief may be granted, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Plaintiff has not presented any factual allegation of any sort to support this conclusory suggestion of a claim.

Plaintiff also claims an attorney refused to "go after" an employee of the United Way because she was a friend; however, plaintiff has alleged no fact showing that attorney's decision violated any Constitutional right.

4

Even if one or more of defendants' complained of acts or omissions constituted a violation of plaintiff's rights as secured by the Constitution or laws of the United States, plaintiff has not shown any of the defendants were state actors at the time.

The traditional definition of acting under color of state law requires the "defendant to have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins,* 487 U.S. at 49, *citing Unites States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941). Action taken under "color of state law" encompasses "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *Monroe v. Pape*, 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961).

In the instant case, neither the defendants at the charity nor the legal aid attorney was performing a function "exclusively reserved to the state," *see Richard v. Hoechst Celanese Chemical Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003), and, therefore, they were not clothed in the "authority of state law" nor did they exercise their power by virtue of state law.

Plaintiff's allegations do not indicate the defendants violated plaintiff's federally protected civil rights or were acting under color of state law and, therefore, do not constitute a cognizable federal claim. *See Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915((e)(2),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff RAY HEREDIA is DISMISSED WITHOUT

5

PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

The Court declines to exercise pendent jurisdiction over plaintiff's state constitutional claims, if any survive, and they are DISMISSED WITHOUT PREJUDICE. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999); *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir.1988).

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ 3rd day of July, 2013.

MARY LOU ROBINSON
United States District Judge